**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
PATTY LEE HALEY,

                    Plaintiff,                         **MEMORANDUM**
                                                 **AND ORDER**

           - against -

                                             10-CV-0739 (BMC) (JO)

FEDERAL BUREAU OF
INVESTIGATION, et al.,

                  Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      In a letter-motion filed on August 18, 2010, plaintiff Patty Lee Haley ("Haley") seeks my

recusal. Docket Entry ("DE") 26 ("Motion"). She asserts that she has decided to seek such relief

"after being stalked, and harassed by individuals representing" me, *id*. at 1, and because she

believes I am somehow responsible for the recent denial of her application for a certain

apartment. *Id*. at 1-3. Haley further reports that "it is alleged that [I am] in favor of perpetrators

that [she has] listed in [her] court documentation, including, but not limited to, T.D. 'Denis'

Bickham, and the 'Gotti's'." *Id*. at 3. Finally, Haley contends that I should be disqualified

because she intends to "file other law suits against [me.]" *Id*. For the reasons explained below, I

deny the motion.

      As a threshold matter, I am ruling on Haley's motion, notwithstanding the allegation that I

am biased, because the statute governing disqualification explicitly refers to a judge's obligation

to "disqualify himself[.]" 28 U.S.C. § 455(a). Consistent with that language, courts uniformly

recognize that a motion to disqualify a judge must be directed in the first instance to the judge

whose removal is sought, rather than to any other. *See*, *e.g.*, *In re Certain Underwriter*, 294 F.3d

297, 302 (2d Cir. 2002) ("The discretion to consider disqualification rests with the district judge

in the first instance.") (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.

1988)); *LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007) ("a judge has an affirmative

duty to inquire into the legal sufficiency of ... an affidavit" asserting a basis for his

disqualification") (internal citations omitted); *Alfano v. National Geographic Channel*, 2007 WL

2982762, at *7 n.10 (E.D.N.Y. Oct. 5, 2007).

The standard for assessing a motion to recuse is settled, although it can be stated in a

variety of essentially equivalent ways. The fundamental question presented by such a motion is

whether "a reasonable person knowing and understanding all the relevant facts" would doubt my

ability to be fair in this case. *LoCascio*, 473 F.3d at 496 (quoting *United States v. Bayless*, 201

F.3d 116, 126-27 (2d Cir. 2000)); *see also United States v. Oluwafemi*, 883 F. Supp. 885, 890

(E.D.N.Y. 1995) (standard is "whether an objective, disinterested observer fully informed of the

underlying facts would entertain significant doubt that justice would be done absent recusal")

(citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2d Cir. 1988)). Stated

differently, the facts set forth in the affidavits supporting the motion "'must give fair support to

the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *LoCascio*,

473 F.3d at 498 (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968)) (internal

quotation marks omitted). Where that standard is not met, there is no basis for recusal and the

judge is therefore "obligated not to recuse herself." *Oluwafemi*, 883 F. Supp. at 890 (citing

*Drexel Burnham Lambert*, 861 F.2d at 1312; *Wolfson*, 396 F.2d at 124); *see also United States v.*

*Amico*, 486 F.3d 764, 775 n. 4 (2d Cir. 2007) ("a judge should not disqualify himself in the

absence of a violation of § 455") (citing *In re Aguinda*, 241 F.3d 194, 201 (2d Cir.2001)).

Applying that exacting standard compels me to deny the motion. With respect to Haley's assertion that she has been stalked and harassed by individuals representing me, she does not provide any specifics that would enable a reasonable ,disinterested person to assess her claim and come to a rational conclusion that I am biased. For example, Haley provides no description of the general nature or approximate time of the alleged stalking and harassment, nor does she explain why she believes the individuals engaging in such conduct have been doing so at my behest or on my behalf. Likewise, Haley does not explain what if anything she thinks I have done to prevent her from securing housing, and similarly fails to offer any suggestion of how I would be in a position to accomplish such mischief or why I would seek to do so.[1]

Haley's report that "it is alleged that [I am] in favor of perpetrators that [she has] listed in [her] court documentation, including, but not limited to, T.D. 'Denis' Bickham, and the 'Gotti's'[,]" DE 26 at 3, fails for similar reasons as well as additional ones. Haley does not purport to know that I am "in favor of" certain "perpetrators" – only that she has heard that I am so biased. Moreover, she does not explain how even an established bias on my part in favor of the individuals she names would lead a reasonable, disinterested observer to doubt my fairness in supervising pretrial matters in this case.

Moreover, I do not know who T.D. "Denis" Bickham is, and Haley does not provide any information from which a reasonable, disinterested observer could infer that I am biased in his favor. With respect to Haley's reference to "the 'Gotti's,'" I assume it includes the late John Gotti. During my employment as an Assistant United States Attorney in this district, I was a member of

---

[1]  All of Haley's allegations about me are untrue, but I would not expect her to accept that denial at face value, nor would I expect a reasonable observer to reject Haley's claims simply because I dispute them. I therefore do not rely on the falsity of Haley's allegations in analyzing her motion.

the prosecution team that prosecuted the latter individual in a case captioned *United States v. John Gotti, et al.*, 90-CR-1051 (ILG) (E.D.N.Y.).  While I can understand how a reasonable observer might assume I therefore have a bias *against* John Gotti – indeed, such an assumption formed part of the basis of the recusal motion in *Alfano* – I do not understand, and Haley does not explain, why a reasonable, disinterested observer would infer that my experience as a prosecutor establishes a bias in favor of "the Gotti's" and against Haley.

Finally, Haley's stated intention to file "other" law suits against me does not require my disqualification.  As far as I am aware – and notwithstanding her use of the word "other" – Haley has not in fact sued me.  She also has not given any reason that would lead a reasonable observer to conclude that she has any basis for initiating such a lawsuit.  The statement that Haley intends to sue me does not in itself give me an interest in the outcome of this case that would require my disqualification under 28 U.S.C. § 455(b).

Accordingly, for the reasons set forth above, I deny plaintiff Patty Lee Haley's motion to disqualify me.  I direct the defendants' counsel to provide a copy of this memorandum and order to plaintiff Haley no later than August 23, 2010.

**SO ORDERED.**

Dated: Brooklyn, New York
   August 18, 2010

           /s/ James Orenstein
           JAMES ORENSTEIN
           U.S. Magistrate Judge